UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Patricia Brown, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 3:15-cv-04381-CMC-SVH |
| | ) | |
| vs. | ) | |
| | ) | |
| Carolina Kidney | ) | |
| Specialist, LLC, | ) | COMPLAINT |
| Columbia Northeast | ) | |
| Kidney Center, LLC, and | ) | |
| American Renal Associates, | ) | |
| LLC. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## INTRODUCTION

1. Plaintiff Patricia Brown (Hereinafter referred to as "Plaintiff") brings damages to redress Carolina Kidney Specialist, LLC, Columbia, Northeast Kidney Center, LLC, and American Renal Associates, LLC (Hereinafter referred to as "Defendants"), actions in discriminating against Plaintiff on the basis of her race, gender, religion, national origin, retaliation, racially hostile work environment, breach of contract and breach of contract with fraudulent intent.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. 1331 and 1343 and 42 U.S.C. Section 2000e(5), this being a proceeding to enforce rights and remedies secured under Title VII of Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. 2000 et.seq. This Court also has pendant and supplementary jurisdiction over so much of this action as is based on state law.

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. 1332, this being a proceeding where the Plaintiff is a citizen of South Carolina and Defendant American Renal Associates, LLC's Corporate Office is located in Massachusetts, but avails itself to South Carolina because its subsidiaries (Carolina Kidney Specialist, LLC and Columbia Northeast Kidney Center, LLC) are located in Columbia, South Carolina.

4. Venue is proper in the Columbia Division, because the Causes of Action arose therein, the acts and practices complained of occurred there, and it is where the Defendants' avail themselves, does business, and may be found.

1

## PARTIES

5. Plaintiff is a female African American Citizen of the United States if America and resides in Columbia, South Carolina. Plaintiff began her employment with Defendants' as a Social Worker on June 10, 2010. Plaintiff remained in the position of a Social Worker until she was terminated on September 21, 2015.

6. The Defendant American Renal Associates has subsidiaries, Defendant Carolina Kidney Specialist, LLC and Columbia Northeast Kidney Center, LLC, located in Columbia, South Carolina, is an organization with the State of South Carolina and is legally organized and existing under the Code of Laws of the State of South Carolina.

7. Upon information and belief, the Defendants' are employers under Title VII and employ and/or employed in excess of fifteen (15) employees at the time of the legal violations complained of herein.

## CONDITIONS PRECEDENT

8. The Court has diversity jurisdiction over this case under 28 U.S.C. 1332.

    a. American Renal Associates, LLC corporate office is located in Beverly, MA and has two subsidiaries located in Columbia, South Carolina.

    b. Carolina Kidney Specialist, LLC is a subsidiary of American Renal Associates, LLC and is located in Columbia, South Carolina.

    c. Columbia Northeast Kidney Center, LLC is a subsidiary of American Renal Associates, LLC and is located in Columbia, South Carolina.

## STATEMENT OF CLAIM

9. Plaintiff alleges that she is the victim of the Defendant's discriminatory practices after being wrongfully terminated on September 21, 2015, despite performing her job duties with due diligence and to the best of her abilities.

10. Plaintiff, on September 16, 2015 attended a Team Quality Meeting (TQM), to which the Medical Director, Dr. Muhammad Islam (Bangladesh Male) was in attendance. During the meeting a report was read concerning the transfer of a patient.

11. Plaintiff, who was the patient's Social Worker, calmly explained to Dr. Islam that the patient chose to transfer to another location. Plaintiff states that she did not encourage the patient to transfer to another location, she merely did the required paperwork necessary to complete the transfer.

12. Plaintiff, despite explaining why the patient transferred to another location, was accused by Dr. Islam of handling the situation incorrectly, even though Plaintiff clearly followed

        the Defendants' policies and procedures when she completed the paperwork for the patient to be transferred. In fact, Plaintiff contends that the patient wanted to be transferred because the patient was upset that Dr. Islam failed to follow up on a promise that the patient's treatment days would change to a more convenient time.

13. During the September 16, 2015 meeting, Dr. Islam became irate after Plaintiff explained that it was the patient's right to transfer to another location and rudely stated, in front of Plaintiff's colleagues that if the Plaintiff was going to continue to attend the meeting then he (Dr. Islam) would leave. During the altercation, Dr. Islam refused to properly address, speak to, or look at Plaintiff or any other female, an act that he practiced on a consistent basis due to his religious belief and national origin.

14. Plaintiff, after the meeting on September 15, 2015, returned to her office and was later approached by Karen Bowman (Bowman) (WF), the former VP, and Sandra Kiaser (Kiaser) (WF), the current VP, concerning the incident during the meeting. Defendants', despite failing to conduct a thorough investigation into the matter placed the Plaintiff on paid administrative leave, which became effective immediately. Plaintiff states that she was not interviewed, and her statement was not taken, in regards to the incident by Human Resource (located in Beverly, Massachusetts).

15. On September 21, 2015, Plaintiff was contacted by Kaiser and Defendants' Human Resource Office (in Beverly, Massachusetts) and was told that she was terminated as of September 21, 2015. Plaintiff states that this was pretextual, as Defendants' failed to conduct a proper investigation into Dr Islam's actions during the meeting. Further, Dr. Islam was offended because Plaintiff, an African American female and a citizen of the United States, respectfully defended herself when Dr. Islam berated and accused Plaintiff of not performing her job duties. Plaintiff contends that, had she been a male employee, would still be employed with the Defendants'.

16. Plaintiff, before the September 16, 2015 meeting, was never reprimanded, written up, or suspended. Plaintiff consistently performed her job duties without incident and with due diligence, and had no confrontations with Dr. Islam until the September 16, 2015 meeting, though Dr. Islam failed to properly acknowledge Plaintiff as he would Plaintiff's male counterparts. Dr. Islam became upset during the meeting, because Plaintiff was a female speaking up for herself (an action that is against Dr. Islam's culture).

17. Plaintiff states that in retaliation of her speaking up during the September 16, 2015 (though it was in a respectful manner), Defendants', specifically its Agent, Dr. Islam, wrongfully terminated her from the position of Social Worker. Further, had Plaintiff been a Caucasian male, Plaintiff would not have been reprimanded, suspended or terminated from her position.

18. Defendants' failed to state a proper reason for Plaintiff's termination, and further Plaintiff never received a letter concerning any violation of the Defendants' policies and procedures allegedly violated by the Plaintiff.

FIRST CAUSE OF ACTION:
VIOLATION OF TITLE VII: GENDER DISCRIMINATION

19. Each and every allegation set forth hereinabove is hereby repeated as fully incorporated herein.

20. Plaintiff asserts that the preferential treatment was a mere pretext for the discrimination against Plaintiff based on her gender.

21. The Defendant violated 42 U.S.C. Sec. 1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. Sec 2000e et.seq), by allowing a Hostile Work Environment to exist regarding Sex (gender) discrimination in the workplace.

22. Plaintiff's gender (female) was a determining factor for Defendants', and its Agent Dr. Islam's conduct in having Plaintiff wrongfully terminated from her position as a Social Worker, despite the Plaintiff having followed all policies and procedures concerning the patient and the patient's request for a transfer. Dr. Islam became irate when Plaintiff stood up (respectfully) for herself after Dr. Islam accused her of not doing her job properly, because Plaintiff is a female. Upon information and belief, Dr. Islam does not treat Plaintiff's male colleague counterparts in the same manner as he treats the female counterparts, and he (Dr. Islam) shows clear favoritism of male employees over female employees.

23. As a direct and proximate result of Defendants' discrimination, on the basis of Gender, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

24. Defendants' employment discrimination of Plaintiff has caused Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

25. Plaintiff is entitled to Injunctive Relief, punitive and compensatory damages, and/or civil damages from Defendants' as a relief of the employment discrimination as alleged above.

SECOND CAUSE OF ACTION:
RACE DISCRIMINATION

26. Each and every allegation set forth hereinabove is hereby repeated as fully incorporated herein.

27. Plaintiff is a member of a protected group on the basis of her race. Plaintiff was retaliated against and wrongfully terminated based on her race, in violation of U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e et.seq.) of the Equal Employment Opportunity Act.

28. Defendants', by and through their Agents, began a pattern and practice of targeting the Plaintiff by suspending Plaintiff from her position, as a Social Worker, after she

respectfully defended herself against Dr. Islam's (Bangladesh Male) disrespectful, belligerent, and unnecessary behavior during the September 16, 2015 meeting concerning the patient. Defendants' Agents, Bowman (WF) and Kaiser (WF), failed to conduct a proper investigation before contacting the corporate office to report the incident.

29. Upon information and belief, Plaintiff contends that she was terminated because she is an African American, and if she were a difference race, Defendants', by and through its Agents, would have conducted a proper investigation and found that Plaintiff properly followed all policies and procedures.

30. Plaintiff alleges that the on the job treatment, retaliation, and wrongful termination were pretextual.  Plaintiff alleges that the Defendants', through its Agents, initiated discriminatory practices against Plaintiff based on her race when the Defendants' disciplined Plaintiff and failed to discipline Plaintiff's Caucasian counterparts in similar situations.

31. Defendant, and its Agents, were reckless, wanton, and intentional in the discrimination of Plaintiff in the following particulars, to wit:

    a. Knowingly disciplining Plaintiff (by suspension and termination) for false reasons; and

    b. In retaliating against Plaintiff for defending herself against false allegations made by the Defendants' and its Agents.

32. In failing to protect Plaintiff from racial discrimination, preferential treatment, or retaliation, Defendant, and its Agents, acted with malice or reckless indifference to the federally protected rights set out under 42 U.S.C. Sec. 1981 and Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. Sec. 2000e et. seq.), the South Carolina Human Affairs Law and the United States Equal Employment Opportunity Act.

33. That the aforesaid conduct of Defendant, and its agent and servants, violates South Carolina and the United States of America laws against retaliatory conduct and was, in fact, retaliatory in nature, and in violation of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. Sec. 2000e et. seq.), and racial discrimination under U.S.C. Sec. 1981.

34. Defendants', and its Agents, racial discrimination of Plaintiff has caused Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

35. Due to the racial discrimination by the Defendants', its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost wages, and punitive damages.

## THIRD CAUSE OF ACTION: VIOLATION OF RELIGIOUS BELIEFS

36. Each and every allegation set forth hereinabove is hereby repeated as fully incorporated herein.

37. Plaintiff is a member of a protected group on the basis of her religious beliefs. Plaintiff was retaliated against and wrongfully terminated based on Defendants' Agent, Dr. Islam's religious belief, in violation of Title VII of the Civil Rights Act of 1964, as amended in 1972.

38. Defendants', by and through its Agent, Dr. Islam, began a pattern and practice of targeting the Plaintiff, by terminating her, after Plaintiff, a female, defended herself against Dr. Islam's false allegations concerning Plaintiff's performance of her job duties.

39. Plaintiff states that she was qualified to perform her job duties at all times, during her employment with the Defendants' as a Social Worker, to include her license being kept current.

40. Plaintiff was subjected to adverse treatment when she (Plaintiff) refused to adhere to Defendants' Agent, Dr. Islam's religious belief that females should not speak up, or defend themselves. Plaintiff states that as a result of her refusal to "stay in a woman's place" she was wrongfully terminated from her position.

41. Defendants' Agent, Dr. Islam, upon information and belief, treated male employees who were similarly situated employees, more favorable than female employees, to include the Plaintiff, because of his (Dr. Islam's) religious beliefs.

42. Plaintiff alleges that the on the job treatment, retaliation, and wrongful termination were pretextual. Plaintiff alleges that the Defendant, through its Agents, initiated discriminatory practices against Plaintiff based on Dr. Islam's religious beliefs when Defendants' wrongfully terminated Plaintiff from her position as a Social Worker.

43. In failing to protect Plaintiff from the violation of religious beliefs, preferential treatment, or retaliation, Defendant, and its Agents, acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964 as amended in 1972.

44. That the aforesaid conduct of the Defendants', and is agents and servants, violates South Carolina and the United States of America laws against retaliatory conduct and was, in fact, retaliatory in nature, and in violation of Title VII of the Civil Rights Act of 1964 as amended (42 U.S.C. Sec. 2000e et. seq.) and the violation of religious beliefs.

45. Defendants', and its agents, violation of religious beliefs, of Plaintiff has caused Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

46. Due to the violation of religious beliefs by the Defendants', its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost wages, and punitive damages.

## FOURTH CAUSE OF ACTION:
## VIOLATION OF NATIONAL ORIGIN

47. Each and every allegation set forth hereinabove is hereby repeated as fully incorporated herein.

48. Plaintiff is a member of a protected group on the basis of her national origin. Plaintiff was retaliated against and wrongfully terminated based on the national origin of Defendants' Agent, Dr. Islam, in violation of Title VII of the Civil Rights Act of 1964.

49. Defendants', by and through its agents, began a pattern and practice of targeting the Plaintiff by wrongfully terminating Plaintiff after Plaintiff respectfully defended herself against Dr. Islam's erroneous allegations about her (Plaintiff's) job performance, an act that clearly angered and offended Dr. Islam due to his national origin.

50. Plaintiff, at all times during her employment with the Defendants', remained qualified for the position of a Social Worker, to include keeping her license active and in good standing.

51. Plaintiff, as a result of Dr. Islam's national origin, suffered an adverse employment action when she was wrongfully terminated for defending her actions regarding a patient during the September 16, 2015 meeting, because she is a female.

52. Upon information and belief, Dr. Islam, due to his national origin, has the belief that females are forbidden to disagree or defend themselves against their male counterparts. This is proven by Dr. Islam's anger against the Plaintiff, and other female colleagues, that defend their work to Dr. Islam.

53. Plaintiff contends that Dr. Islam's treatment of female colleagues, to include herself, were not as favorable as the treatment of her male colleagues.

54. Plaintiff alleges that the on the job treatment, retaliation, and wrongful termination were pretextual. Plaintiff alleges that the Defendants, through its Agents, initiated discriminatory practices against Plaintiff based on Dr. Islam's national origin when the Defendants' wrongfully terminated Plaintiff, but failed to terminate male colleagues who were in similar situations and stood up to Dr. Islam to defend their job performance.

55. In failing to protect Plaintiff from the violation of national origin, preferential treatment, or retaliation, Defendant, and its agents, acted with malice or reckless indifference to the federally protected rights set out under the Title VII Civil Rights Act of 1964.

56. That the aforesaid conduct of Defendants, and its agents and servants, violates South Carolina and the United States of America laws against retaliatory conduct and was, in fact, retaliatory in nature, and in violation of Title VII of the Civil Rights Act of 1964, as amended.

57. Defendants', and its agents, violation of national origin of Plaintiff has caused Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

58. Due to the violation of national origin by the Defendants', its agent and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost wages, and punitive damages.

## FIFTH CAUSE OF ACTION:
## RETALIATION

59. Each and every allegation set forth hereinabove is hereby repeated as fully incorporated herein.

60. Plaintiff repeatedly objected to and protested the violations of her federally protected rights within the Defendants' administrative structure.

61. After the Plaintiff respectfully defended her job performance, after Dr. Islam berated her in front of her colleagues and staff members, Defendants', by and through its agents, retaliated against Plaintiff by suspending and wrongfully terminating Plaintiff from her position as a Social Worker.

62. Due to the retaliatory actions of the Defendants', its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost wages, and punitive damages.

63. Accordingly, Plaintiff is entitled to compensatory and punitive damages in the nature of the value of her loss wages and benefits, front pay, together with interest thereon, as well as liquidated damages and her reasonable attorney's fees for the bringing of this action.

## SIXTH CAUSE OF ACTION:
## RACIALLY HOSTILE WORK ENVIRONMENT

64. Each and every allegation set forth hereinabove is hereby repeated as fully incorporated herein.

65. Plaintiff was subjected to adverse terms and conditions by the Defendants' after she defended her job performance to Dr. Islam at the September 16, 2015 meeting causing a Racially Hostile Work Environment.

8

66. That the retaliation, harassment, and racial hostile work environment of the Defendants', and its agents, constitutes a violation of clear mandate public policy of the State of South Carolina as articulated in the South Carolina Human Rights Act and in violation of 42 U.S.C. Sec. 1081 and Title VII Civil Rights Act of 1964 as amended (42 U.S.C. Sec. 2000e et. seq.).

67. As a result of the racially hostile work environment of the Defendants', the Plaintiff has suffered a multitude of problems to include loss of sleep, anxiety, emotional pain and suffering, mental anguish, and humiliation.

68. Accordingly, Plaintiff is entitled to compensatory and punitive damages in the nature of the value of her loss of wages and benefits, front pay, together with interest thereon, as well as liquidated damages, and her reasonable attorney's fees for the bringing of this action.

## SEVENTH CAUSE OF ACTION:
## BREACH OF CONTRACT

69. Each and every allegation set forth hereinabove is hereby repeated as fully incorporated herein.

70. Defendants' state, in their Employee Handbook, that they are Equal Employment Opportunity Employers, when they declare that there will be no discrimination as to race, color, gender, age, religion, disability, national origin, or veterans status.  Defendants' further state in their handbook, that they would comply with the requirements of the law in implementing equal employment decision.  Plaintiff relied on the oral assurances made by Defendants' and their Employee Handbook, which constituted a contract.

71. Plaintiff and Defendants' entered into a binding and valid contract whereby Plaintiff relied on Defendants', through their agents, reassurance that. pursuant to the handbook and the above policies and procedures, the Defendants' must conduct a proper investigation into any alleged misconduct before terminating their employees.  Plaintiff also relied on Defendants' reassurance that they must follow its Equal Employment Opportunity policy when treating employees the same in disciplinary actions despite the employees race, gender, and/or national origin.

72. Plaintiff agreed to fulfill the duties of her position in exchange for valuable consideration, a salary with the promise of being protected from discrimination.

73. Plaintiff performed her job duties with due diligence, however Defendants', through its Agents, unjustifiably failed to perform its duties by failing to conduct a proper investigation into the September 16, 2015 incident before terminating Plaintiff from her position as a Social Worker.

74. Defendants', and its agents, had a responsibility to ensure that Plaintiff would not be subjected to discrimination.  Defendants', through its agents, instead chose to wrongfully

9

termination of Plaintiff from her position without conducting a proper investigation into the allegations made against Plaintiff.  However, if Defendants' had conducted an investigation they would have concluded that the Plaintiff was reprimanded and suspended based on the fact that she is a female and an African American.  But for Plaintiff being an African American female, she would not have been terminated from her position.

75. Defendants' conduct, by and through its agents, was done in bad faith and breached the implied covenant of good faith and fair dealings this is implied in the employment contract.

### EIGHTH CAUSE OF ACTION:
### BREACH OF CONTRACT WITH FRAUDULENT INTENT

76. Each and every allegation set forth above is hereby repeated as if fully incorporated herein.

77. Defendants', by and through its agents, has failed to fulfill its obligation under their own written policy and has breached the terms thereof by reason of an intentional design on its part to defraud Plaintiff.  Plaintiff relied on the oral assurances made by Defendants' and their Employee Handbook, which constituted a contract.

78. In furtherance of such intentional design, Defendants, through its agent to include, Dr. Islam, Kiaser and Bowman terminated Plaintiff from her position without a plausible or reasonable explanation for Plaintiff's termination.  Plaintiff was clearly terminated from her position because she defended her job performance to Dr. Islam, an action that was considered improper to Dr. Islam based on his national origin and religious belief.  Plaintiff states that this is proven because Dr. Islam continuously treated male counterparts more favorable than female counterparts.

79. Plaintiff has suffered damages due to the wrongful termination of her employment.

80. Due to the actions of the Defendants', and its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost wages, and punitive damages.

81. Accordingly, Plaintiff is entitled to compensatory and punitive damages in the nature of the value of her lost wages and benefits, front pay, together with interest thereon, as well as liquidated damages, and her reasonable attorney's fees for the bringing of this action.

### JURY TRIAL DEMANDED

82. Plaintiff requests a trial by jury.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court declare that the Defendants', and its agents, action complained of herein violated the rights guaranteed to the Plaintiff and issue this judgment;

(1)   Declaring the actions complained of herein illegal; in favor of the Plaintiff against the Defendants', and its agents, for all Causes of Actions in an amount which is fair, just and reasonable, and for Compensatory damages;

(2)   Issuing an injunction enjoining the Defendants, its agents, employees, successors, attorneys and those acting in concert or participation with the Defendants', and its agents, and at its direction from engaging in the unlawful practice shown to be in violation of Title VII of the Civil Rights Act of 1964 as amended and any other violations.

(3)   Awarding Plaintiff Compensatory and Punitive damages for each Cause of Action contained herein, which the jury should find appropriate as a result of the Defendants'', and its agents unlawful discriminatory action taken as a result of the Plaintiff's gender, race, religious belief and national origin; including mental anguish, pain and suffering, harm to Plaintiff's economic opportunities, any back pay, front pay, and future earnings with cost of living adjustments, prejudgment interest, fringe benefits, and retirement benefits.

(4)   Awarding Plaintiff her costs and expenses in this action, including reasonable attorney fees, and other litigation expenses; and

(5)   Granting such other and further relief to the Plaintiff as this Court may deem just and proper.

Respectfully Submitted:

By:   /s/ Donald Gist_____
Donald Gist, Esquire (Federal ID# 7178)
Aaron Wallace, Esquire (Federal ID# 11469)
Gist Law Firm, PA
Post Office Box 30007
Columbia, South Carolina 29230
Tel.: (803) 771-8007
Fax: (803) 771-0063
candicegrant.gistlawfirm@gmail.com

Attorneys for Plaintiff

Columbia, South Carolina
October 28, 2015